IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT WALKER,<br><br>               Plaintiff,<br><br>v.<br><br>BARRETT DAFFIN FRAPPIER<br>LEVINE & BLOCK, LLP,<br>CALIBER HOME LOANS, INC.,<br>U.S. BANK, N.A., AS TRUSTEE<br>FOR LSF8 MASTER<br>PARTICIPATION TRUST,<br><br>               Defendants. | 1:15-cv-4383-WSD |

## OPINION AND ORDER

This matter is before the Court on U.S. Bank, N.A., as Trustee for LSF8 Master Participation Trust ("U.S. Bank") and Caliber Home Loans, Inc.'s ("Caliber") (together, "Removing Defendants") Notice of Removal [1].

**I.   BACKGROUND**

On October 30, 2015, Plaintiff Robert Walker ("Plaintiff"), a citizen of Georgia, filed his Complaint [5.1] in the Superior Court of Gwinnett County, Georgia.[1]  On November 12, 2015, Plaintiff filed his "Motion to Amend Statement of Claim" ("Amended Complaint") to add additional information he omitted from his Complaint.  (Am. Compl. [1.1 at 3-19]).  In his Amended Complaint, Plaintiff

---

[1]   No. 15-A-11186-2.

asserts the following state-law claims against the Removing Defendants and Barrett Daffin Frappier Levine & Bock, LLP ("Barrett Daffin"), a Georgia law firm: "attempted illegal foreclosure," "attempted illegal sale of residential property," gross negligence, and punitive damages.  Plaintiff's claims are based on his mortgage servicer's alleged failure to properly apply Plaintiff's mortgage payments and claimed defects in the foreclosure proceedings initiated by Defendants.  Plaintiff seeks compensatory damages in the amount of $499,999.99, punitive damages in the same amount, and injunctive relief.

On December 16, 2015, the Removing Defendants removed the Gwinnett County action to this Court based on diversity jurisdiction.  (Notice of Removal [1]).[2]  The Removing Defendants assert that complete diversity exists among the parties because Barrett Daffin, the only in-state defendant, was fraudulently joined to defeat federal subject matter jurisdiction.

---

[2]   To the extent the Removing Defendants argue that this Court has subject matter jurisdiction based on the existence of a federal question, Plaintiff's mere reference to federal laws in his "Motion for Temporary Restraining Order and/or Preliminary Injunction" is not sufficient to establish federal question jurisdiction.  Although Plaintiff references generally violations of the Fair Debt Collection Practices Act, the Due Process Clause and the Constitution, Plaintiff fails to allege any facts to support these assertions.  (See [1.1] at 13, 15).  This action is based on Defendants' allegedly wrongful foreclosure of Plaintiff's home.  Despite Plaintiff's citations to federal laws, Plaintiff has not asserted a claim arising under federal law, and the Court's subject matter jurisdiction over this case cannot be based on federal question jurisdiction.

## II.  DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Plaintiff's Amended Complaint asserts only state law claims and the Court could have only diversity jurisdiction over the action. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a

general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  The Removing Defendants assert that there is complete diversity in this action because Barrett Daffin, even though it shares Georgia citizenship with Plaintiff, was fraudulently joined to defeat federal subject matter jurisdiction because "Plaintiff's cause of action to enjoin foreclosure proceedings only pertains to the Lender, U.S. Bank, and potentially Caliber, as the Loan Servicer," and "there are no allegations that Barrett Daffin ever serviced or owned Plaintiff's loan or owed Plaintiff any third-party duties."  (Notice of Removal at 10).

The Court disagrees.  The Eleventh Circuit has stated:

> When alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  We have emphasized that the burden on the removing party is a heavy one.  The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.  The district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in the substantive law in favor of the plaintiff.  If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court.  Thus, when considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.

Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890 (11th Cir. 2011) (internal quotations and citations omitted).

The Removing Defendants argue that Plaintiff cannot seek relief against Barrett Daffin because "Barrett Daffin operates primarily as a foreclosure law firm" and "at most, only occupies an auxiliary role and violated no duty to the Plaintiff."  (Notice of Removal at 9, 10).  In Georgia, a law firm may be held liable, under certain circumstances, for its misconduct in conducting or attempting to conduct a wrongful foreclosure sale.  See, e.g., Morgan v. Ocwen Loan Serv., LLC, 795 F. Supp. 2d 1370, 1376-77 (N.D. Ga. 2011); McCarter v. Bankers Trust Co., 543 S.E.2d 755, 756-57 (Ga. Ct. App. 2000); Ga. Real Estate Finance and Foreclosure Law § 8:11 ("A law firm that conducts a wrongful foreclosure may be liable, in certain circumstances, for damages.").

To the extent the Removing Defendants argue that Barrett Daffin was fraudulently joined because Plaintiff's Amended Complaint does not allege a separate claim against Barrett Daffin and generally does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, in determining whether there is no possibility that a plaintiff can establish a cause of action against a resident defendant, a district court "must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards

prevailing in federal court."  See Ullah v. BAC Home Loans Serv. LP, 538 F. App'x 844, 846 (11th Cir. 2013) (quoting Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332) (11th Cir. 2011)).  "The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms.  Pleading conclusions, rather than facts, may be sufficient to state a claim for relief."  Id. (internal quotations and citations omitted); see also Stillwell, 663 F.3d at 1334 n.3 ("Georgia has not chosen to adopt the heightened pleading requirements imposed on federal plaintiffs . . . .").  The Removing Defendants fail to show that there is no possibility that a Georgia state court could find that Plaintiff adequately pleaded a viable claim against Barrett Daffin.  Complete diversity does not exist among the parties and the Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint.  This action is required to be remanded to the Superior Court of Gwinnett County.  See 28 U.S.C. § 1447(c).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is REMANDED to the Superior Court of Gwinnett County, Georgia.

**SO ORDERED** this 13th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE